UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 15-3817 DSF (JPRx) | Date | 6/11/15 |
|---|---|---|---|
| Title | Scott Miller v. Landry's Restaurant, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to State Court

This case was removed based on diversity jurisdiction. There is no dispute that Defendant Mitch Gudzunas is not diverse from Plaintiff. Nonetheless, Defendants removed, asserting that Gudzunas is fraudulently joined.

A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

The sole claim against Gudzunas is for intentional infliction of emotional distress. Plaintiff is a restaurant chef. Gudzunas, general manager of the restaurant where Plaintiff worked, is alleged to have ordered Plaintiff to taste food off of dishes that had been sampled and returned to the kitchen by customers. This demand is alleged to have caused Plaintiff emotional distress. While there is certainly a significant legal question whether Gudzunas's alleged conduct rises to the level of outrageousness required for an intentional infliction of emotional distress claim, the claim is not so obviously deficient under California law as to make Gudzunas's joinder fraudulent.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.